UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.

PRIME TIME SPORTS GRILL, INC.,
d/b/a PRIME TIME SPORTS BAR,

    Plaintiff,

vs.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, PRIME TIME SPORTS GRILL, INC., d/b/a PRIME TIME SPORTS BAR ("Prime Time") and sues the Defendant, CERTAIN UNDERWRITERS AT LLOYD'S LONDON ("Underwriter") and alleges:

1. This is a cause of action for Declaratory Judgment pursuant to F.S. §86, et seq. and 28 U.S.C. §2201 et seq. (Federal Declaratory Judgment Act) to construe and declare the rights, obligations, status, and privileges of the parties as the named insured and insurer under a commercial property insurance policy.

2. Prime Time is a corporation organized under the laws of the State of Florida with its principal place of business in Tampa, Florida. Underwriter is a "Name" or "Member" of the unincorporated association which does business in the

international insurance marketplace, known as Lloyd's of London, and Underwriter is a citizen of Great Britain with a principal place of business at One Lime Street, London, ECM 7HA. The amount in controversy (value of the declaratory relief), without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

3. Underwriter issued and delivered a commercial property insurance policy, protecting Prime Time from all risks unless specifically excluded with effective dates from June 7, 2019 through June 7, 2020. Loss of business Income and operating expenses is specifically covered under the policy, and governmental suspension as a result of COVID-19 is not specifically excluded. A true and correct copy of the policy of insurance is attached hereto as Exhibit "1."

4. Pursuant to the Lloyd's Acts of 1871 and 1982, Lloyd's itself does not insure any risk and the Society at Lloyd's, London is not an insurance company, but only a British organization that provides an infrastructure for the international insurance market. Rather, "Names," such as Underwriter in this case, assume the risk of a particular policy. In this case, the policy of insurance listed and identified the Underwriter as "Herion" as assuming 100% of the risk for the policy, with an address of One Lime Street, London, ECM 7HA.

5. Since 1995 and continuing to the present day, Prime Time operates a bar and restaurant in Tampa, Florida with monthly gross receipts in excess of

$150,000 against monthly operating expenses of $120,000 and employs between 20 to 25 employees, 7 days a week, 365 days per year, from 11 a.m. until 3 a.m. daily.

6. On March 17, 2020, while the policy issued to Prime Time was in effect, Governor Ron DeSantis ordered all bars and restaurants in the state of Florida, including Prime Time, to close for 30 days in response to the COVID-19 pandemic. This governmental suspension of business had a devastating effect on Prime Time's business. On April 1, 2020, Governor DeSantis further ordered a state-wide "stay at home" order for the entire state of Florida in response to the COVID-19 pandemic for an additional 30 days, which further harmed Prime Time's business.

7. On or about March 17, 2020, Prime Time notified Underwriter of the loss, provided all details surrounding the loss, and permitted Underwriter with the opportunity to investigate and adjust the loss. Prime Time further requested that Underwriter pay all benefits owed under the policy for the COVID-19 governmental suspension of business.

8. On March 23, 2020, Underwriter denied Prime Time's claim and refused to pay benefits under the policy of insurance. A true and correct copy of the claim denial letter is attached as Exhibit "2."

9. All conditions precedent to this action have been performed, have been waived, or are excused.

11. Prime Time is presently in genuine doubt and uncertain as to its rights, status, and privileges, under the policy of insurance issued by Underwriter, and specifically, its rights, status, and privileges and Underwriter's obligations to provide coverage for the losses stemming from the governmental suspension as a result of the COVID-19 pandemic relating from the losses of income, business interruption, extra expense, contingent business interruption, ingress/egress, civil authority, all risk coverage, and other coverage extensions under the policy of insurance.

12. Prime Time has a bona fide, actual and present need for a declaration and construction of the policy of insurance, its status, rights, and privileges, and Underwriter's obligation to provide coverage to Prime Time under the policy of insurance, including its primary coverage and all coverage extensions, including the applicable coverage triggers under the policy.

13. A bona fide, actual, and present dispute exists as to Prime Time's rights and Underwriter's obligations under the policy of insurance and this suit is not just a request for legal advice.

14. Prime Time has become obligated to retain counsel to represent it in this insurance dispute and Underwriter's is required to pay Prime Time's reasonable attorney's fees pursuant to F.S. §627.428.

WHEREFORE, Prime Time requests that the court declare and construe the policy of insurance and enter its declaratory judgment as follows:

a. declare that the policy issued by Underwriter to Prime Time provides coverage for the losses stemming from the COVID-19 governmental suspension of business operations for business income, extra expense, and all other coverage extensions up to the limits of the policy ($200,000.00);

b. Grant further and supplementary relief based on the declaratory judgment and after adjudication of the rights of the parties, when necessary and proper, and, after notice to Underwriter, require Underwriter to show cause why further relief should not be granted forthwith;

c. enter final declaratory judgment in Prime Time's favor and against Underwriter for all declaratory and supplemental relief within the declaratory jurisdiction of this court, including taxing costs of suit, prejudgment interest, and a reasonable attorney's fee as part of that declaratory judgment.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Prime Time hereby demands trial by jury on all issues so triable.

*/s/Michael Laurato*
MICHAEL V. LAURATO
Florida Bar No. 181447
AUSTIN & LAURATO, P.A.
1902 W. Cass Street
Tampa, Florida 33606
(813)258-0624 Tel.
(813)258-4625 Facs.
mlaurato@austinlaurato.com
TRIAL COUNSEL FOR PLAINTIFF