UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:20-cv-00771-CEH-JSS

PRIME TIME SPORTS GRILL, INC.,
d/b/a PRIME TIME SPORTS BAR,

    Plaintiff,

Vs.

DTW 1991 UNDERWRITING LIMITED,
A CERTAIN INTERESTED UNDERWRITER AT
LLOYD'S LONDON,

    Defendant.
_____/

## RESPONSE TO ORDER TO SHOW CAUSE [DE-7]

COMES NOW, the plaintiff, PRIME TIME SPORTS GRIL, INC. d/b/a PRIME TIME SPORTS BAR, and hereby responds to the Court's order to show cause dated April 17, 2020 regarding amount in controversy as follows:

1.    *The Amended Complaint Alleges More Than $75,000 in Damages.* Paragraph 6 of the amended complaint [DE-6] alleges that from "March 17, 2020 through April 1, 2020" the plaintiff "los[t]" more than $15,000 in net profit and "incur[ed]" more than "$60,000.00" in operating expenses. [DE-6, ¶ 6]. The original complaint was filed on April 2, 2020. [DE-1]. Subject matter jurisdiction is properly alleged as of the date of the filing the original complaint.

2.   *The Allegations of the Amended Complaint Have A Good Faith Basis.* The good faith basis for this allegation has two factual underpinnings, both of which are also alleged in the amended complaint. In paragraph 3 of the amended complaint, the plaintiff alleges that "loss of net business profit and operating expenses, including payroll is specifically covered under the policy" and attached a copy of the policy of insurance. [DE-6. ¶3]. Paragraph 4 of the amended complaint alleges that since 1995, the plaintiff has monthly "gross receipts in excess of $150,000 against operating expenses of $120,000," including employing between "20 to 25 employees, 7 days a week, 365 days per year, from 11 a.m. until 3 a.m." [DE-6, ¶4]. Thus, under the policy of insurance, net profit is derived by subtracting gross revenues from operating expenses, including payroll. Both net profits and operating expenses, including payroll are covered under the policy. Amount in controversy allegations of the amended complaint are made in good faith and it is not legally certain that the value of the object of the litigation is below the amount-in-controversy threshold.

4.   *Other Coverages of the Policy Only Add to Amount in Controversy.* Paragraph 11 and subsection (a) of the "Wherefore" clause also implicate the "extra expense" coverage of the policy, which provides for additional amounts which are properly added to the amount in controversy calculation, assuming loss of net profits and operating expenses are not sufficiently alleged. [DE-6, ¶11 and

p. 5]. Extra expense coverage is provided under the policy of insurance, is recoverable, and properly added to net profits and operating expenses, including payroll in calculating amount in controversy.

    5.    *A Reasonable Value of Attorney's Fees is Properly Added to Any Amount In Controversy.* Paragraph 14 also alleges entitlement to a reasonable attorneys' fees pursuant to F.S. §627.428, under state law, which is also correctly included in any amount in controversy calculation. [DE-6. ¶14]. When a statute authorizes, and a plaintiff requests, attorney's fees, a reasonable amount of those fees should be included in the amount-in-controversy. *Cohen v. Office Deport, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). F.S. §627.428 authorizes attorney's fees in this type of action and the plaintiff has requested fees. Any reasonable sum (for which a Federal District Court Judge is competent to estimate based on her experience) to account for attorney's fees under state law would most certainly raise the amount in controversy above the jurisdictional limit, assuming there is a deficit in the amount-in-controversy account based on net profits, operating expenses, and extra expense (which it is submitted there is not).

    In considering the amount in controversy, courts may use their judicial experience and common sense to determine whether the jurisdictional amount is met. *Roe v. Michelin North America, Inc.* 613 F.3d 1058, 1062 (11th Cir. 2010).

Courts are split on whether the proper measure, for amount in controversy purposes, of attorneys' fees is an estimate of fees that will accrue through trial, or, instead courts should only consider fees incurred at the time of filing or removal. *Tatum v. Progressive Select Insurance Company, 2018 WL 7350671 (N.D. Fla. 2018)*. Some courts, including several within this district, estimate the reasonable amount of attorney's fees that will accrue through trial when statutory fees are part of a state law claim. *Traturyk v. W-S Life Assurance Co., 2016 WL 727546 *2 (M.D.Fla. 2016)(calculating amount-in-controversy requirement incorporating estimated future attorney's fees); DO Restaurants, Inc. v. Aspen Specialty Ins. Co., 984 F.Supp.2d 1342, 1346 (S.D.Fla. 2013)(incorporating estimated future attorney's fees of $50,000 into amount-in-controversy calculation); Schmidt v. Pantry, Inc., 2012 WL 131490 *4 (N.D.Fla. 2012)(in assessing the reasonable attorney's fees for purposes of determining amount in controversy the Court will estimate the reasonable attorney's fees through trial); Mirras v. Time Ins. Co., 578 F.Supp.2d 1351, 1353 (M.D. Fla. 2008)*. Others, including those in this district, feel that the better approach is only to include fees as of the date of removal. *Miller Chiropractic & Med. Centers, Inc. . Progressive Select Ins. Co., 2016 WL 6518782 * 2 (M.D.Fla. 2016)*. Either way, the attorney fee claim adds to the amount in controversy calculation such that it cannot be established to a legal certainty that the claim is for, in fact, more than $75,000.00 as of the date of filing.

4

*See, Star National Insurance Company, et al. v. White, 8:10-cv-894-T-27TBM, J. Whittemore, [DE-143](awarding $193,867 in 2012 in attorney's fees for litigation of a declaratory judgment action of similar complexity and amount of policy benefits, decided in insured's favor on summary judgment).* Plus, in order for amount in controversy to be found lacking it must appear to a legal certainty that the plaintiff could never recover the requisite amount in controversy and the plaintiff has made a good faith allegation, which, when made in good faith, controls.

6. The policy limits of $200,000 are also relevant in this declaratory judgment action in establishing amount in controversy, because the plaintiff is seeking a declaration of the full extent of coverage of the policy. Where an insured seeks to recover to the fullest extent of coverage, the court can determine the amount in controversy by reference to the face of the policy. *Williams v. LM General Insurance Company, 387 F.Supp.3d 1366 (M.D.Fla. 2019); Balthazar v. Balboa Ins. Co., 2011 WL 2020218 *2 (M.D.Fla. 2011).*

A reading of the amended complaint underscores that this is a case where an insured sues to recover the full extent of coverage under a policy and, for that additional reason, courts can determine the amount in controversy simply by reference to the face of the policy. *Mesi. v. First Liberty Insurance Corporation, 2012 WL 12910616 *4 (M.D.Fla. 2012; Bona v. Geovera Specialty Ins. Co., 2011*

5

*WL 721475 \*3 (M.D.Fla. 2012)*. Accordingly, the maximum liability of the business interruption coverage limits is relevant to determining the declaratory judgment action, since the validity of that entire coverage provision is at issue in this case and those limits are exactly what the plaintiff is seeking to establish coverage for in this case. *Waller v. Professional Ins. Corp., 296 F.2d 545, 547-548 (5th Cir. 1961)*. This case is not a breach of contract action on a policy of insurnace, but one for declaratory judgment to construe the rights and obligations under a policy of insurance.

Accordingly, an issue in the case is not only what is owed under the contract, but what might be may be owed under the policy. Part of this lawsuit involves the value of that right under policy. The plaintiff is entitled to a declaration (plus supplemental relief, if warranted) that the policy does provide coverage for business interruption up to its $200,000 business interruption limits for the COVID-19 governmental suspension and resulting business interruption. This is a matter in which the plaintiff alleges it has doubt.

In other words, part of the value of the relief sought by the plaintiff is to have declared to be free from doubt that the policy provides not only for coverage for the actual losses suffered (which it contends is alone in excess of $75,000 at the time of filing the complaint), but that any remaining amounts, up to $200,000, will also be free of doubt. Where the dispute-as this dispute doesô calls into question

the validity of the entire provision of the specific coverages under a policy, the face value of the policy is properly considered controlling for amount in controversy purposes. For declaratory judgment purposes it is the value of the right to be protected or the extent of the injury to be prevented which is properly the measure of amount in controversy.  The value of the right under the business interruption coverage is $200,000.00.   That aside, the value of the underlying claim is also alleged, in good faith, to be  in excess of $75,000.00.  Accordingly, the plaintiff is not resting, alone, on the policy limits to establish amount in controversy, but those limits are but another factor the court is free to take into account in deciding whether amount in controversy as been sufficiently alleged.

For those reasons, the the order to show cause is properly discharged.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

>  /s/Michael V. Laurato
> MICHAEL V. LAURATO
> Florida Bar No.: 181447
> AUSTIN & LAURATO, P.A.
> 1902 W. Cass Street
> Tampa, Florida 33606
> (813)258-0624 Tel.
> (813)258-4625 Facs.

mlaurato@austinlaurato.com
TRIAL COUNSEL FOR PLAINTIFF