## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:20-cv-00771-CEH-JSS

PRIME TIME SPORTS GRILL, INC.,
d/b/a PRIME TIME SPORTS BAR,

    Plaintiff,

vs.

DTW1991 UNDERWRITING LIMITED, A
CERTAIN INTERESTED UNDERWRITER
AT LLOYD'S LONDON,

    Defendant.
_____/

## UNITED POLICYHOLDERS' MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

United Policyholders ("UP") hereby moves this Honorable Court for leave to file the accompanying *amicus curiae* brief in support of the Plaintiff's response [D.E. 18] to Defendant's motion to dismiss [D.E. 13]. UP has a special interest in this litigation and can offer its unique perspective to the Court as it considers the issues raised by Defendant's motion to dismiss.

## ARGUMENT

District courts have inherent authority and broad discretion to grant leave to file an *amicus* brief. *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *Stauart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D. D.C. 2008); *James Square Nursing Home, Inc. v. Wing*, 897 F. Supp. 682, 683 n.2 (N.D. N.Y. 1995).

*Amici* assist "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary

Case 8:20-cv-00771-CEH-JSS   Document 21   Filed 05/18/20   Page 2 of 7 PageID 285

CASE NO. 8:20-cv-00771-CEH-JSS

presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991) (citations omitted).

Courts often grant leave to nonprofit organizations like UP with knowledge and perspective that may assist in the resolution of the case. *See Bryant v. Better Bus. Bureau*, 923 F. Supp. 720, 728 (D. Md. 1996); *see also Perry-Bey v. City of Norfolk, Va.*, 678 F. Supp. 2d 348, 357 (E.D. Va. 2009). This Court has exercised its inherent authority and discretion previously. *See Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, No. 8:16-cv-02753 (M.D. Fla. Nov. 22, 2016).

Although the Federal Rules of Civil Procedure do not contain a rule governing the filing of *amicus* briefs, district courts often look to Federal Rule of Appellate Procedure 29 and United States Supreme Court Rule 37 for guidance. *See, e.g.*, *Am. Humanist Ass'n v. Mid-Nat'l Capital Park & Planning Comm'n*, 147 F. Supp. 3d 373, 389 (D. Md. 2015); *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991). Rule 29 provides that a prospective *amicus* must file, along with the proposed brief, a motion that states "the movant's interest" and "the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." FED. R. APP. P. 29(a)(3).

I. **United Policyholders' interest in this case.**

The pending motion to dismiss is one of the earliest challenges, not only in Florida but nationwide, to a policyholder's ability to state a claim for business interruption insurance coverage stemming from the COVID-19 pandemic. The nature of the arguments raised by Defendant are sweeping in scope, and touch issues ubiquitous in similar litigation.

The application of insurance contracts requires special judicial handling. Not only are insurance contracts adhesive in nature, which compels judicial balancing, but effectuating

Case 8:20-cv-00771-CEH-JSS   Document 21   Filed 05/18/20   Page 3 of 7 PageID 286

CASE NO. 8:20-cv-00771-CEH-JSS

indemnification in case of loss is a fundamental economic and social objective that courts can advance. UP respectfully seeks to assist this Court in fulfilling these important roles.

UP is a non-profit, tax-exempt, charitable organization founded in 1991 that provides valuable information and assistance to the public on insurers' duties and policyholders' rights. UP monitors developments in the insurance marketplace and serves as a voice for policyholders in legislative and regulatory forums. UP helps preserve the integrity of the insurance system by educating consumers and advocating for fairness in sales and claim practices. Grants, donations and volunteers support the organization's work. UP does not accept funding from insurance companies.

UP's work is divided into three program areas: *Roadmap to Recovery*™ (disaster recovery and claim help), *Roadmap to Preparedness* (disaster preparedness through insurance education), and *Advocacy and Action* (advancing pro-consumer laws and public policy through submission of *amicus curiae*). UP hosts a library of informational publications and videos related to personal and commercial insurance products, coverage and the claims process at www.uphelp.org.

UP has been serving Florida residents since 1992 when it helped promote fair claim settlements in the aftermath of Hurricane Andrew. UP's activities in the Sunshine State have included long-term disaster recovery assistance; consumer advocacy related to homeowners' insurance rates and availability (i.e. depopulating Citizens); promoting preparedness and mitigation; educating and assisting consumers navigating the complicated insurance claims process under wind, flood, and liability policies. State insurance regulators, including the Florida Office of Insurance Regulation, academics, and journalists throughout the U.S. routinely engage with UP on issues impacting policyholders. UP's Executive Director, Amy Bach, Esq., has

served as an official consumer representative to the National Association of Insurance Commissioners since 2009.

In furtherance of its mission, UP regularly appears as *amicus curiae* in courts nationwide to advance the policyholder's perspective on insurance cases likely to have widespread impact. UP's *amicus* brief was cited in the U.S. Supreme Court's opinion in *Humana Inc. v. Forsyth*, 525 U.S. 299 (1999).

UP has been actively involved as *amicus curiae* in Florida courts and submitted briefs in recent cases, including: *Citizens Property Insurance Corp. v. Manor House LLC*, No. SC19-1394 (Fla. 2019); *Travelers Indemnity Co. v. Richard McKenzie & Sons, Inc.*, Case. No. 18-13172-D (11th Cir. 2018); *Harvey v. Geico General Insurance Co.*, Case No. SC17-85 (Fla. 2017); *Escobar v. Tower Hill Signature Insurance Co.*, Case No. 3D16-1844 (Fla. 3d DCA 2017); *Vazquez v. Southern Fidelity Property & Casualty, Inc.*, Case No. 3D16-915 (Fla. 3d DCA 2016); and *Altman Contractors, Inc. v. Crum and Forster Specialty Ins. Co.*, Case No. SC16-1420 (Fla. 2016).

UP seeks to fulfill the classic role of *amicus curiae* by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that may have escaped consideration. *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). As commentators have stressed, an *amicus* is often in a superior position to focus the court's attention on the broad implications of various possible rulings. R. Stern, *E. Greggman & S. Shapiro, Supreme Court Practice*, 570-71 (1986) (quoting Ennis, *Effective Amicus Briefs*, 33 CATH. U. L. REV. 603, 608 (1984)).

## II. The issues addressed by the *amicus* brief are useful and relevant to the Court's review of Defendant's motion to dismiss.

Defendant's motion to dismiss asserts that a party *cannot* plead in good faith COVID-19 related business interruption coverage because "direct physical loss and damage" cannot exist without structural alteration and/or visible contamination of property. The public at large has a significant interest in this issue, which is being actively litigated throughout the country. This Court's disposition of Defendant's motion has the potential to affect thousands of policyholders, not only in Florida but nationwide.

The Court will benefit by reviewing the perspective of *amicus*, who has considerable experience in briefing courts on insurance coverage issues and an interest in ensuring a proper ruling under the doctrines of policy interpretation. United Policyholders' proposed amicus brief will analyze relevant precedent not already addressed in Defendant's motion or Plaintiff's response, including analysis of whether the involved covered causes of loss cause "direct physical loss and damage" under a property insurance policy.

**WHEREFORE**, United Policyholders hereby requests that this Court enter an order granting this motion for leave to file an *amicus curiae* brief and accepting the proposed *amicus curiae* brief in consideration of Defendant's motion to dismiss.

A copy of United Policyholders' *amicus curiae* brief is attached hereto as Exhibit "A."

### CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 3.10(g)

Pursuant to Local Rule 3.01(g), the undersigned has contacted counsel for all parties, and is authorized to represent that Plaintiff does not oppose the relief sought herein. Defendant opposes the relief sought.

    Respectfully submitted,

    */s/ Matthew B. Weaver*
    **R. Hugh Lumpkin**

        Florida Bar No. 308196
        hlumpkin@reedsmith.com
        **Matthew B. Weaver**
        Florida Bar No. 42858
        mweaver@reedsmith.com
        **Noah S. Goldberg**
        Florida Bar No. 1008316
        **REED SMITH LLP**
        1001 Brickell Bay Drive, Suite 900
        Miami, Florida 33131
        Telephone: (786) 747-0200
        Facsimile: (786) 747-0299

        *Attorneys for United Policyholders*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notice of Electronic Filing generated by CM/ECF.

        */s/ Matthew B. Weaver*
        **Matthew B. Weaver**
        Florida Bar No. 42858

CASE NO. 8:20-cv-00771-CEH-JSS

## SERVICE LIST

| | |
|---|---|
| **Mark D. Tinker, Esq., B.C.S.** | **Hannah E. Austin, Esq.** |
| COLE, SCOTT & KISSANE, P.A. | **Michael V. Laurato, Esq.** |
| 4301 West Boy Scout Boulevard | Austin & Laurato, P.A. |
| Suite 400 | 1902 West Cass Street |
| Tampa, FL 33607 | Tampa, FL 33606 |
| Tel.: (813) 509-2613 | Tel: (813) 258-0624 |
| Fax: (813) 286-2900 | Fax: (813) 258-4625 |
| mark.tinker@csklegal.com | efile@austinlaurato.com |
| mason.bradford@csklegal.com | haustin@austinlaurato.com |
| | mlaurato@austinlaurato.com |
| | |
| *Trial Counsel for Underwriters* | *Counsel for Prime Time Sports Bar* |