# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| PRIME TIME SPORTS GRILL, INC., d/b/a PRIME TIME SPORTS BAR<br><br>Plaintiff,<br><br>v.<br><br>DTW 1991 UNDERWRITING LIMITED, A CERTAIN INTERESTED UNDERWRITER AT LLOYD'S LONDON<br><br>Defendant. | Case No. 8:20-cv-00771-CEH-JSS |

## PARTIALLY UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF ON BEHALF OF ROYAL STAYS MIAMI

MLB 1440 Pennsylvania Avenue, LLC, LIDO 1440 Pennsylvania Avenue, LLC, MLB 1032 Michigan Avenue, LLC, and LIDO 1032 Michigan Avenue, LLC, all doing business as Royal Stays Miami (collectively, "Royal Stays"), respectfully move this Honorable Court to enter an order granting it leave to appear as *amicus curiae* for the purpose of filing the accompanying *amicus curiae* brief in the above-referenced matter.

**I.      INTEREST OF AMICUS**

Royal Stays comprises a group of Delaware limited liability companies registered to conduct business in the State of Florida. Like Plaintiff Prime Time Sports Grill, Inc. ("Prime Time"), Royal Stays purchased a commercial property insurance policy issued by underwriters at Lloyd's London. Royal Stay's policy contains terms and forms substantially similar, if not identical, to the terms and forms contained in Prime Time's commercial property insurance policy with underwriters at Lloyd's London. For example, Royal Stays' policy contains the same

Building and Personal Property Coverage form, the same Business Income form, and the same Commercial Property form. The language at the heart of the dispute in this case—direct physical loss of or damage to Covered Property—is also identical in both policies and is derived from the same Building and Personal Property Coverage form. Accordingly, Royal Stays has a substantial interest in the outcome of this litigation because the Court's ruling on Defendant DTW 1991 Underwriting Limited, a Certain Interested Underwriter at Lloyd's London's motion to dismiss will necessarily affect Royal Stays' rights under its insurance policy with underwriters at Lloyd's London.

## II.  THE COURT HAS INHERENT AUTHORITY TO CONSIDER AMICUS BRIEFS

The United States Supreme Court Rules and the Federal Rules of Appellate Procedure govern the filing of amicus briefs on appeal. *Leal v. Sec'y, U.S. Dep't of Health & Human Servs.*, No. 6:08-CV-1062-ORL-22G, 2009 WL 1148633, at *1-2 (M.D. Fla. Apr. 28, 2009). Although there is no parallel provision in the Federal Rules of Civil Procedure or in this Court's Local Rules that specifically address the filing of an amicus brief in the district court, "[t]he decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court." *Id.* (quoting *Dejulio v. Georgia*, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001)); *see also In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings.").

An amicus is not a party and does not represent the parties, but participates only for the benefit of the court to help bring to the attention of the court relevant matters not already brought to its attention by the parties, which may be of "considerable help to the Court." *Leal*, 2009 WL 1148633, at *1-2. "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that

may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Id.* (quoting *Citizens Against Casino Cambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007)).

As set forth below, Royal Stays has relevant information regarding the current state of the nationwide litigation relating to COVID-19 business interruption protection insurance claims and the pending motions to consolidate all federal cases in an MDL, which is currently before the Judicial Panel on Multidistrict Litigation ("JPML"). This information has not been disclosed to the Court by the parties and is helpful and beneficial to the Court to understand how a decision in this case will impact other cases filed in federal courts across the country. Additionally, Royal Stays is not represented in this proceeding and has a significant interest in the outcome of this litigation because its property insurance policy is substantially similar to Prime Time's in all materially relevant aspects. Accordingly, the Court should grant Royal Stays leave to file an amicus brief in this matter so that its rights will be adequately represented.

**III.     THE PROPOSED AMICUS BRIEF PROVIDES A HELPFUL ANALYSIS OF THE CURRENT STATE OF THE NATIONWIDE COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION.**

As the Court is likely aware, the COVID-19 pandemic has required businesses across the country to temporarily close or limit their operations. As a result, dozens of COVID-19 business interruption cases, substantially similar to this one, have already been filed and many more are expected. In anticipation of the large number of nationwide cases, on April 20, 2020, two motions were filed with the JPML seeking consolidation of all federal COVID-19 business interruption lawsuits. The JPML has set a briefing scheduling relating to the transfer motions, but has yet to

decide the motions for consolidation. All briefing is currently scheduled to be completed on or before June 15, 2020.

Consolidation is being sought with the JPML because all of the COVID-19 business interruption actions, including this one, involve common questions of law and fact that arise from the wrongful denial of coverage for business interruption due to the COVID-19 pandemic. These common questions of law and fact include, but are not limited to: (1) whether COVID-19 causes "physical damage or loss to property" as that phrase is used in property insurance policies; and (2) whether COVID-19 was present on the insured property or on property sufficiently connected by proximity or in other ways to the insured property such that coverage is triggered. *See In re COVID-19 Business Interruption Protection Ins. Litig.*, MDL No. 2942, Doc. No. 4-1 at 6 (April 21, 2020).

Indeed, these two issues are central to Defendant's motion to dismiss in this matter. *See* Doc. 13 at 7-21. Moreover, underwriters at Lloyd's London are identified in the JPML filings as defendants in at least three other actions filed in the Southern District of Florida, the Southern District of New York, and the Southern District of Texas. *See In re COVID-19 Business Interruption Protection Ins. Litig.*, MDL No. 2942, Doc. No. 4-2 (April 21, 2020). As set forth more fully in Royal Stays' proposed amicus brief—in accordance with this Court's prior rulings— this matter should be stayed pending the JPML's transfer decision because a stay will promote efficiency, judicial economy, and the goal of avoiding the risk of inconsistent rulings among federal courts. *See Stanton v. Wells Fargo & Co.*, No. 8:16-CV-3318-T-36JSS, 2017 WL 3701143, at \*1 (M.D. Fla. Jan. 23, 2017) (Honeywell, J.) (granting motion to stay pending transfer order of JPML). Accordingly, Royal Stays' motion for leave to file an amicus curiae brief should be granted.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. | SUITE 800 | CORAL GABLES, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

DATED: May 22, 2020                         Respectfully submitted,

                                                                    */s/ Derek E. León*
                                                                    Derek E. León
                                                                      Florida Bar No. 625507
                                                                    Scott B. Cosgrove
                                                                      Florida Bar No. 161365
                                                                    Jeremy L. Kahn
                                                                      Florida Bar No. 105277
                                                                    LEÓN COSGROVE, LLP
                                                                    255 Alhambra Circle, Suite 800
                                                                    Coral Gables, Florida 33134
                                                                    Telephone:  305.740.1975
                                                                    Facsimile:  305.437.8158
                                                                    Email:  dleon@leoncosgrove.com
                                                                    Email:  scosgrove@leoncosgrove.com
                                                                    Email:  jkahn@leoncosgrove.com
                                                                    *Counsel for Royal Stays Miami*

## **CERTIFICATE OF CONFERRAL**

Pursuant to L.R. 3.01(g), I certify that counsel for Royal Stays Miami conferred regarding the relief requested in this motion with counsel for all parties on May 21 and May 22, 2020. Plaintiff has no objection and Defendant objects.

/s/ Derek E. León
Derek E. León

## **CERTIFICATE OF SERVICE**

I certify that on May 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn will serve a copy by notice of electronic filing to all counsel of record.

>    */s/ Derek E. León*
>    Derek E. León