IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| PRIME TIME SPORTS GRILL, INC., ) <br> d/b/a PRIME TIME SPORTS BAR, ) <br> ) <br> *Plaintiff* ) <br> ) <br> vs. ) <br> ) <br> DTW1991 UNDERWRITING LIMITED, ) <br> A CERTAIN INTERESTED UNDERWRITER ) <br> AT LLOYD'S LONDON, ) <br> ) <br> *Defendants.* ) <br> _____ ) | CASE NO: 8:20-cv-00771-CEH-JSS |

**FLORIDA RESTAURANT AND LODGING ASSOCIATION'S MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* AND FILE A BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The Florida Restaurant and Lodging Association ("FRLA") respectfully submits this Motion for Leave to Appear as *Amicus Curiae* and File a Brief in support of Plaintiff's Response [Doc. 18] to Defendant's Motion to Dismiss [Doc.13]. FRLA, on behalf of its thousands of members, has a strong interest in this case and offers its unique perspective to the Court regarding the issues raised by the pending Motion to Dismiss – without repetition of other briefs filed to date. The proposed brief is attached as Exhibit A.

**ARGUMENT**

This Court has discretion to accept and consider *Amicus* briefs. *See Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, No. 8:16-cv-02753 (M.D. Fla. Nov. 22, 2016); *Leal v. Sec'y, U.S. Dep't of Health & Human Servs.*, No. 6:08-CV-1062-ORL-22G, 2009 WL 1148633, at *1-2 (M.D. Fla. Apr. 28, 2009); *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013); *Perry-Bey v. City of Norfolk, Va.*, 678 F. Supp. 2d 348, 357 (E.D. Va. 2009) (granting leave to non-profit); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D. D.C. 2008); *In re Bayshore Ford Truck*

*Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings"); *Bryant v. Better Bus. Bureau*, 923 F. Supp. 720, 728 (D. Md. 1996) (granting leave to non-profit).

Federal Rule of Appellate Procedure 29 provides guidance on the standard for acceptance by a federal district court of an *Amicus* brief. *Leal,* 2009 WL 1148633, at *1-2; *Am. Humanist Ass'n v. Mid-Nat'l Capital Park & Planning Comm'n*, 147 F. Supp. 3d 373, 389 (D. Md. 2015); *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991). Under that rule, an *Amicus* applicant must file, along with the proposed brief, a motion that states "the movant's interest" and "the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." FED. R. APP. P. 29(a)(3). In such cases, "[a]n amicus brief should normally be allowed…when the amicus has an interest in some other case that may be affected by the decision in the present case…or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Leal*, 2009 WL 1148633, at *1-2. (quoting *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007).

I. **FLRA'S INTEREST IN THIS CASE**

Plaintiff is a small business restaurant located in Tampa, Florida. Plaintiff alleges that it is covered under Defendant's insurance policy for business interruption and other losses caused by the Covid-19 pandemic and the civil orders issued by Governor DeSantis. Defendant has moved to dismiss Plaintiff's case as insufficiently pled, asserting that small businesses like Plaintiff have no such coverage under their policy, or any similar policy, because Covid-19 cannot cause "physical loss or damage" within the meaning of the policy. This threshold insurance coverage issue (a mixed question of law *and fact*) is one that is being raised by insurers across Florida (and nationwide) to try to deprive policyholders of coverage for their Covid-19 related losses.

The FLRA has a strong interest in the pending motion because its thousands of members have likewise been financially devastated by Covid-19 and related civil orders, and have likewise pursued insurance coverage for their losses. The FLRA seeks to file its brief especially on behalf of its many small business members.

FLRA is Florida's premier non-profit hospitality industry trade association. Founded in 1946 as the Florida Restaurant Association, FRLA merged with the Florida Hotel and Motel Association in 2006. FRLA's more than 10,000 members include independent hoteliers and restaurateurs, household name franchises, theme parks and suppliers. The association's mission is to protect, educate, and promote Florida's $111.7 billion hospitality industry which represents 1.5 million employees. Dedicated to safeguarding the needs of the membership, FRLA provides legislative advocacy to ensure the voices of its members are heard and their interests are protected. The association offers regulatory compliance and food safety training through a subsidiary. The FRLA Educational Foundation provides industry-developed, career-building high school programs throughout the state.

**II.  THE ISSUES ADDRESSED BY THE *AMICUS* BRIEF ARE USEFUL AND RELEVANT TO THE COURT'S REVIEW OF DEFENDANT'S MOTION TO DISMISS**

Defendant's Motion asserts that a small business such as Plaintiff's is unable even *to plead* any COVID-19 related business interruption loss because the pleading of "direct physical loss and damage" requires the property to suffer a structural alteration and/or visible contamination. This is an incorrect reading of the insurance policy. Thousands of similarly situation policyholders in Florida (and nationwide), including many of FLRA's members, have a significant interest that this issue be correctly decided. The attached brief provides the argument and supporting authorities.

FLRA's brief is submitted by pro bono counsel with decades of experience, in Florida and nationwide, representing policyholders in insurance coverage disputes. Their collective experience includes briefing similar issues following the 9/11 attacks, Hurricane Katrina, the many hurricanes that have impacted Florida, and unique events that have raised novel insurance coverage questions in Florida (such as involving the Zika virus, Red Tide, and the 2003 SARS event). Florida counsel is the policyholder Chair for the *COVID-19 Task Force* for the American College of Coverage Counsel and penned the *amicus* brief in the Florida Supreme Court for *United Policyholders in Washington Nat'l Ins. Corp. v. Ruderman,* 117 So.3d 943 (Fla. 2013), cited in FLRA's *amicus* brief.

FRLA counsel have reviewed, and endeavor not to repeat, the points already made by the parties and two other amici (by United Policyholders and Royal Stays Miami).

**WHEREFORE**, FRLA respectfully requests that this Court enter an Order granting this Motion for Leave to File an *Amicus Curiae* brief and accepting the brief attached as Exhibit A in consideration of Defendant's motion to dismiss.

**CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 3.10(g)**

Pursuant to Local Rule 3.01(g), the undersigned has contacted counsel for all parties, and is authorized to represent that Plaintiff does not oppose the relief sought herein. Defendant opposes the relief sought.

    Respectfully submitted,

    */s/ Jason S. Mazer*
    Jason S. Mazer, Esq.
    Florida Bar No. 0149871
    CIMO MAZER MARK PLLC
    100 Southeast Second Street Suite 3650
    Miami, Florida 33131
    Telephone: (305) 374-6481

                                                          Fax: (305) 374-6488
                                                          jmazer@cmmlawgroup.com
                                                          *Attorneys for Florida Lodging & Restaurant Association*

Counsel Assisting on the Brief:

Gary S. Thompson (D.C. Bar #435315)
THOMPSON HAMMERMAN DAVIS LLP
1015 15th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 256-9910
Fax: (202) 318-5356
gthompson@thompsonhd.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 31, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notice of Electronic Filing generated by CM/ECF.

                                                  */s/ Jason S. Mazer*
                                                  Jason S. Mazer, Esq.
                                                  Florida Bar No. 0149871

## SERVICE LIST

**Mark D. Tinker, Esq., B.C.S.**
COLE, SCOTT & KISSANE, P.A.
4301 West Boy Scout Boulevard
Suite 400
Tampa, FL 33607
Tel.: (813) 509-2613
Fax: (813) 286-2900
mark.tinker@csklegal.com
mason.bradford@csklegal.com

*Trial Counsel for Underwriters*

**Hannah E. Austin, Esq.**
**Michael V. Laurato, Esq.**
Austin & Laurato, P.A.
1902 West Cass Street
Tampa, FL 33606
Tel: (813) 258-0624
Fax: (813) 258-4625
efile@austinlaurato.com
haustin@austinlaurato.com
mlaurato@austinlaurato.com

*Counsel for Prime Time Sports Bar*