# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PRIME TIME SPORTS GRILL, INC.,
d/b/a PRIME TIME SPORTS BAR,

    Plaintiff,

v.                                             Case No: 8:20-cv-771-CEH-JSS

DTW 1991 UNDERWRITING LIMITED,
A CERTAIN INTERESTED UNDERWRITER
AT LLOYD'S LONDON,

    Defendant.
_____

## ORDER

This matter comes before the Court on Defendant DTW 1991 Underwriting Limited's Motion to Correct Case Style and Determine Jurisdiction [Doc. 23] and Plaintiff's Response in Opposition [Doc. 29]. Having considered the motion and response, and being fully advised in the premises, the Court will **DENY** the request to change the case style.

## DISCUSSION

In its motion, Defendant alleges that "DTW 1991 Underwriting Limited" does not have any financial interest in the underwriting of the subject policy and the style of the case should be amended to reflect "Certain Interested Underwriters at Lloyd's, London, Participating in Policy B1180D180869/2594SP" as the Defendant. [Doc. 23 at ¶¶ 4-5]. Defendant further argues that the change is for the correction of a misnomer and does not involve a change or addition of parties. *See id.* at 6. In response, Plaintiff contends that the policy of insurance which is attached to the amended complaint contains a "Schedule of Lloyd's Underwriters" and lists "DTW 1991" as the

"underwriter" of "100%" of Prime Time's policy and that the claim denial letter attached to the amended complaint confirms that DTW Claims Management is the "designated administrators for" the underwriter (DTW 1991) at Lloyd's subscribed to the Prime Time's policy. [Doc. 29 at 1-2].

"In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 6:10-CV-1445, 2010 WL 4941666, at *7 (M.D. Fla. Nov. 3, 2010), *report and recommendation adopted*, No. 6:10-CV-1445, 2010 WL 4941445 (M.D. Fla. Nov. 29, 2010), *aff'd*, 436 F. App'x 888 (11th Cir. 2011). Our courts have consistently applied this principle in deferring to a Plaintiff's choices in relation to an action. *See, e.g.*, *May v. Sasser*, 666 F. App'x 796, 798 (11th Cir. 2016) ("The plaintiff is the master of the complaint. And the complaint names both Sasser and the fire district as defendants. . . . The district court cannot assume knowledge of May's intention in naming the fire district as a defendant and must either dismiss the action against the fire district for failure to state a claim or offer May an opportunity to amend the complaint."); *Scoop Real Estate, L.P. v. Holland & Knight Llp*, No. 809CV01992T17AEP, 2009 WL 10708577, at *2 (M.D. Fla. Nov. 16, 2009) ("[T]he Plaintiff as master of his complaint is free to choose his forum by pleading only state law claims").

Here, Plaintiff has decided to sue "DTW1991 Underwriting Limited," and has argued that from its review of the policy issued to it, that entity is the sole underwriter. [Doc. 29 at 1-2]. This Court has recognized that "it is not left to Defendants to decide how Plaintiffs' claims should be pled." *Taylor Newman Cabinetry, Inc.*, 2010 WL 4941666, at *7. Likewise, it is not up to this Court to tell Plaintiff who to bring its claim(s) against. The Court will therefore give deference to

the Plaintiff's decision that DTW1991 Underwriting Limited is the proper entity from which it may seek relief for a breach of the policy of insurance.

Accordingly, it is hereby **ORDERED**:

1. Defendant DTW 1991 Underwriting Limited's Motion to Correct Case Style and Determine Jurisdiction [Doc. 23] is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 19, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:

Counsel of Record