# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PRIME TIME SPORTS GRILL, INC.,
d/b/a PRIME TIME SPORTS BAR,

    Plaintiff,

v.                                                     Case No: 8:20-cv-771-CEH-JSS

DTW 1991 UNDERWRITING LIMITED,
A CERTAIN INTERESTED UNDERWRITER
AT LLOYD'S LONDON,

    Defendant.
_____

## ORDER

This matter comes before the Court upon motions for leave to file amicus briefs regarding Defendant's motion to dismiss [Doc. 13], filed by non-parties United Policyholders; MLB 1440 Pennsylvania Avenue, LLC, LIDO 1440 Pennsylvania Avenue, LLC, MLB 1032 Michigan Avenue, LLC, and LIDO 1032 Michigan Avenue, LLC, all doing business as Royal Stays Miami; and Florida Restaurant and Lodging Association., and Defendant's Response in Opposition [Docs. 21, 24, 25, 26]. Defendant has moved to dismiss the amended complaint [Doc. 6] on the basis that the commercial property insurance at issue states that a covered suspension of operations "must be caused by direct physical loss of or damage to property at premises which are described in the Declarations" and Plaintiff has not alleged any "direct physical loss to property" at the insured premises, and in good faith cannot do so. [Doc. 13]. In the respective motions, the non-parties seek leave to supplement briefing on the issue of whether the policy covers business interruption due to

the COVID-19 pandemic. [Docs. 21 at 5, 24 at 3-4, 25 at 3-4].[1] Defendant contends that the Court should deny leave because the proposed amici do not satisfy any of the criteria for when leave should be granted and are duplicative and burdensome filings. [Doc. 26 at 3-12].

**DISCUSSION**

This Court has previously explained that there is "no . . . provision in the Federal Rules of Civil Procedure or in this Court's Local Rules to regulate the filing of an amicus brief in the district court." *Dibbs v. Hillsborough Cty., Fla.*, No. 8:12-CV-2851-T-36TGW, 2014 WL 12839780, at *1 (M.D. Fla. Dec. 4, 2014). Regardless, district courts have inherent authority to appoint amici curiae, or 'friends of the court,' to assist it in a proceeding. *Fishing Rights All., Inc. v. Pritzker*, No. 8:15-CV-1254-MSS-MAP, 2016 WL 11491618, at *3 (M.D. Fla. June 8, 2016) (*quoting Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991)). In ruling on such requests, district courts have considered the principles set forth in United States Supreme Court Rule 37 and Federal Rule of Appellate Procedure 29 when deciding whether to grant leave to a non-party seeking to file an amicus brief. *Dibbs, 2014 WL 12839780 at *1*; *Leal v. Sec'y, U.S. Dep't of Health & Human Servs.*, No. 6:08-CV-1062-ORL-22G, 2009 WL 1148633, at *1 (M.D. Fla. Apr. 28, 2009) (applying both rules in recommending denial of the motion for leave).

Pursuant to Rule 37, "[a]n *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to

---

[1] The Royal Stays Miami non-parties also advocate that this matter should be stayed pending a decision from the Judicial Panel on Multidistrict Litigation regarding whether to consolidate all COVID-19 insurance related cases pending in federal court in a multidistrict litigation because a stay will promote efficiency, judicial economy, and the goal of avoiding the risk of inconsistent rulings among federal courts. [Doc. 24]. Notably, the parties to this case have not requested a stay of this litigation.

the Court[] [but] [a]n *amicus curiae* brief that does not serve this purpose burdens the Court, and . . . is not favored." Sup. Ct. R. 37. Likewise, "Rule 29 provides that leave to file an amicus brief should be granted only if the court is satisfied as to the movant's interest and the reasons why an amicus brief would be desirable and relevant to the disposition of the case." *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2018 WL 3368746, at *1 (S.D. Fla. July 6, 2018) (citing Fed. R. App. P. 29(b)).

In deciding whether to grant leave, district courts usually consider whether "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-CV-106-FTM-SPC, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010) (*quoting Liberty Resources, Inc. v. Philadelphia Housing Authority,* 395 F.Supp.2d 206, 209 (E.D.Pa.2005)); *Dibbs*, 2014 WL 12839780, at *1 ("An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case ... or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an amicus brief should be denied.") (quoting *Citizens Against Casino Gambling in Erie County v. Kempthorne,* 471 F.Supp.2d 295 (W.D.N.Y.2007)). The decision is within the broad discretion of the court. *Dibbs*, 2014 WL 12839780, at *1; *Conservancy of Sw. Fla.*, 2010 WL 3603276, at *1 ("It is well-settled that a district court has broad discretion to grant the request of a non-party to file an amicus brief. Inasmuch as an amicus is not a party and 'does not represent the parties but participates only for

the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the amicus.' ").

Having considered the factors noted above, the Court finds that additional briefing from the movants is not required in this case. No movant has alleged, much less demonstrated that the interests involved in the case are not competently represented and the Court has discerned no reason to call the attorneys' competence into question. As in *Consumer Fin. Prot. Bureau*, "the Court finds that the parties in this litigation are adequately represented by counsel and amicus participation is not necessary in order to get an adequate representation of Plaintiff's position." 2018 WL 3368746, at *2; *Fla. by & through McCollum v. United States Dep't of Health & Human Servs.*, No. 3:10-CV-91-RV/EMT, 2010 WL 11570635, at *2 (N.D. Fla. June 14, 2010) ("It is 'particularly questionable' to allow an amicus brief when the existing parties are 'already well represented.' "). Additionally, the movants have not shown that any of the other factors ordinarily considered warrant the granting of leave in this case.  No movant has established a special interest in this case, movants are not neutral, but instead, partial to a particular outcome in the case, and their submissions would be duplicative,

Accordingly, it is hereby **ORDERED**:

1. United Policyholders' Motion for Leave to File Amicus Brief [Doc. 21] is **DENIED**.
2. MLB 1440 Pennsylvania Avenue, LLC, LIDO 1440 Pennsylvania Avenue, LLC, MLB 1032 Michigan Avenue, LLC, and LIDO 1032 Michigan Avenue, LLC's Partially Unopposed Motion for Leave to File Amicus Brief on Behalf of Royal Stays Miami [Doc 24] is **DENIED**.
3. Florida Restaurant and Lodging Association's Motion for Leave to File Amicus Brief [Doc. 25] is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 2, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:

Counsel of Record