UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:20-cv-00771-CEH-JSS

PRIME TIME SPORTS GRILL, INC. D/B/A
PRIME TIME SPORTS BAR,

    Plaintiff,

vs.

DTW1991 UNDERWRITING LIMITED, A
CERTAIN INTERESTED UNDERWRITER AT
LLOYD'S LONDON,

    Defendant.
_____/

**DEFENDANT DTW 1991 UNDERWRITING LIMITED'S
NOTICE OF LACK OF JURISDICTION**

Defendant DTW1991 Underwriting Limited, by and through its undersigned counsel, hereby submits this Notice of Lack of Jurisdiction and states as follows:

1.) On April 2, 2020, Plaintiff, Prime Time Sports Grill, Inc., filed this declaratory action against "Certain Underwriters at Lloyd's London." [D.E. 1]. Thereafter, and in response to the Court's April 3, 2020 Order to Show Cause, Plaintiff filed an Amended Complaint changing the name of the defendant to "DTW1991 Underwriting Limited, a Certain Interested Underwriter at Lloyd's, London." [D.E. 5 & 6].

2.) As the Court is aware, prior counsel for DTW 1991 Underwriting Limited had previously drawn the Court's attention to certain jurisdictional deficiencies. [D.E. 23; D.E. 37]. These culminated at the November 17, 2020 hearing on Defendant's Motion to Dismiss, at which time certain representations were made by counsel conceding that jurisdiction as to this Defendant

was proper. Upon review of the transcript, it appears that certain statements were made that were not accurate. *See* Hearing Transcript, pp. 3-12, attached hereto as Exhibit "A".

3.)   Notwithstanding these representations, however, jurisdiction does not exist as DTW 1991 Underwriting Limited is a service company which assists in underwriting risks in the United Kingdom and United States. It does not have any financial interest in the subject policy of insurance and did not assist in its placement here. It thus does not colorably have $75,000 at stake, and indeed has no financial exposure whatsoever given that it is not a party to the insurance contract at issue. *See* Declaration of John Isachsen, ¶ 6, attached hereto as Exhibit "B".

4.)   While the Court has granted DTW 1991 Underwriting Limited's Motion to Dismiss, the Court "may consider subject matter jurisdiction claims at any time during litigation." *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) ("parties cannot waive subject matter jurisdiction"); *see also Latin Am. Prop. & Cas. Ins. Co. v. Hi-Lift Marina, Inc.*, 887 F.2d 1477, 1479 (11th Cir. 1989) ("subject-matter jurisdiction can never be waived or conferred by the consent of the parties.").

5.)   DTW 1991 Underwriting Limited is a servicing company which does not subscribe to, and thus is not financially responsible for payment of any claims under, the subject policy of insurance bearing policy number B1180D180869/2594SP (the "subject Policy"). *See* Isachsen Declaration, ¶ 6.

6.)   Moreover, even if the Plaintiff's Complaint was once again amended to name the correct party(ies), diversity jurisdiction could never exist because none of the subscribing members to the subject Policy meets the minimum $75,000 jurisdictional threshold.

7.)   The subject Policy is underwritten by DTW Syndicate 1991, a syndicate doing business in the Lloyd's of London insurance market. Syndicate 1991 is capitalized by up to 235

2

different members, all of which face only several liability under the subject Policy. *See* Isachsen Declaration, ¶¶ 2 & 3.

8.) DTW 1991 Underwriting Limited has no financial interest in DTW Syndicate 1991. *See* Isachsen Declaration, ¶ 6.

9.) While none of DTW Syndicate 1991's members are residents or citizens of Florida, the largest subscriber to DTW Syndicate 1991 subscribes to only 19 percent of the risk. *See* Isachsen Declaration, ¶¶ 4 & 5.

10.) The subject Policy provides for a maximum of $200,000 of business interruption insurance. *See* D.E. 1-1 at page 10 of 89.

11.) Since the largest subscriber to this policy severally subscribes to only 19 percent of the risk, and because 19 percent of $200,000 amounts to only $38,000, no one member of DTW Syndicate 1991 meets the $75,000 threshold required by 28 USC § 1332. *See* Isachsen Declaration. ¶ 7.

12.) Thus, based on prior rulings in this district, there is no subject matter jurisdiction over this controversy. *See BIG League Ventures, LLC v. Certain Underwriters at Lloyd's, London*, ---F.Supp.3d--- 2020 WL 6037239, at *3 (S.D. Fla. June 1, 2020) (holding that plaintiff was unable to establish diversity jurisdiction against Lloyd's syndicates because none of the Names sharing the risk bore responsibility for an amount exceeding $75,000).

13.) Should this matter be appealed, it is likely that the Eleventh Circuit will remand the case with orders to dismiss for lack of subject matter jurisdiction. *See Hi-Lift Marina*, 887 F.2d 1477 (vacating district court's judgment and remanding case with instructions that it be dismissed for lack of subject matter jurisdiction); *Belleri v. United States*, 712 F.3d 543, 549 (11th Cir. 2013)

(remanding case to the district court to determine whether the district court had subject matter jurisdiction over the plaintiff's complaint).

14.) Accordingly, and while DTW 1991 Underwriting Limited appreciates that a good deal of judicial effort has been expended deciding the merits of Plaintiff's claims in light of the subject Policy, existing case law requires that the Court's December 17, 2020 Order granting Defendant's Motion to Dismiss (D.E. 53) be vacated and this case dismissed for lack of jurisdiction.

WHEREFORE, Defendant, DTW 1991 Underwriting Limited, respectfully requests the Court take notice of its lack of jurisdiction, vacate its December 17, 2020 order of dismissal, and dismiss this matter for lack of subject matter jurisdiction.

**CERTIFICATION OF LOCAL RULE 3.01 (g) CONFERENCE**

The undersigned hereby certifies that on December 30, 2020, pursuant to M.D. Fla. Local Rule 3.01 (g), the undersigned counsel for Defendant, DTW 1991 Underwriting Limited, attempted to confer with counsel for Plaintiff, Prime Time Sports Grill, Inc., via telephone and email, but was unable to contact counsel prior to the filing of this Notice. Consistent with this Court's Local Rules, the undersigned will continue to attempt to contact and confer with counsel concerning the relief sought herein.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this **31st** day of December, 2020, using the Court's CM/ECF filing system and served via email to: **Hannah E. Austin, Esq., Michael v. Laurato, Esq.,** Austin & Laurato, PA, 1902 W. Cass Street, Tampa, Florida 33606 haustin@austinlaurato.com, mlaurato@austinlaurato.com, efile@austinlaurato.com.

CASE NO: 8:20-cv-00771-CEH-JSS

FIELDS HOWELL LLP
Attorneys for Defendant, DTW 1991
Underwriting Limited
9155 So. Dadeland Blvd.
Suite 1012
Miami, FL 33156
Tel:  (786) 870-5600
Fax: (855) 802-5821

By: */s/ Armando P. Rubio*
    Armando P. Rubio, Esq.
    Florida Bar No.: 478539
    arubio@fieldshowell.com
    service@fieldshowell.com