UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Case No. 8:20-cv-00771-CEH-JSS**

PRIME TIME SPORTS GRILL, INC.,
d/b/a PRIME TIME SPORTS BAR,

      Plaintiff,

vs.

DTW 1991 UNDERWRITING LIMITED,
A CERTAIN INTERESTED UNDERWRITER AT
LLOYD'S LONDON,

      Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF LACK OF
JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

The Plaintiff, by and through undersigned counsel, hereby responds to Defendant's

Notice of Lack of Jurisdiction. DE 54. The Defendant's first motion regarding this issue (D.E.

23) was denied on June 19, 2020. D.E. 31. Defendant then raised the argument again in DE 37.

Defendant now attempts to re-package the motion with additional arguments, however, for the

reasons explain in DE-38, the notice of lack of jurisdiction should be disregarded/stricken.

**A.**     **Defendant's motion should be denied because Plaintiff has presented plausible
evidence that the Court has jurisdiction.**

Lloyd's of London is a marketplace for international insurance, in which individuals or

corporations will underwrite a percentage of risk through an administrative agreement known as

a syndicate. In many instances, a band of syndicates, each with a certain percentage of risk, will

collectively underwrite a policy. In this case, only one corporation—DTW 1991 Underwriting

Limited--underwrote 100% of Prime Time's policy, according Prime Time's policy of insurance.

[DE-6-1, p. 87].

This, accordingly, is not a case like Osting-Schwinn, where one corporation, which was but one member of a larger syndicate, brought the suit or was sued. Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079 (11th Cir. 2010). In other words, in this case there is no "syndicate of underwriters," but only one underwriter—DTW 1991. This is also not a case like E.R. Squibb, where a plaintiff sued one underwriter in its representative capacity for all underwriters. E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998). Simply, this is a case where Prime Time has sued the only underwriter subscribed to the policy, which just so happens to be a foreign corporation. That underwriter is not an individual "Name" which is part of a larger syndicate, but a corporation organized under the laws of the United Kingdom which is the only "Name" that underwrote and subscribed to 100% of Prime Time's policy

That said, DTW 1991 has initially asserted that it is "only a management company." D.E. 29-1. Then, it asserted that Converys is the "managing agency" and DTW 1991 is actually a "syndicate," not the "underwriter" and not just the lead underwriter. [DE-23, p. 2]. The policy says DTW 1991 is the sole 100% "underwriter." The policy lists no "syndicates" subscribing to the policy. The claim denial letter says DTW Claims Management is the "administrator" for DTW 1991, which underwrote Prime Time's policy.

The Eleventh Circuit says that if the district court does not conduct an evidentiary hearing on a jurisdictional motion, the court must deny the motion if the plaintiff can present plausible evidence tending to show that the court has jurisdiction. Chalwest (Holdings) Ltd. v. Ellis, 924 F.2d 1011, 1015 (11th Cir. 1991). Prime Time has presented plausible evidence tending to show that the court has jurisdiction based on DTW being listed as the sole underwriter of Prime Time's

policy.

The Defendant's new "Notice of Lack of Jursidction" simply goes back to the Defendant's argument that the Plaintiff should be suing some other entity/ies for some other amount of money. D.E. 23. The Court already rejected the Defendant's argument that the Plaintiff should be suing some other entity or entities, stating that "[t]he Court will [ ] give deference to the Plaintiff's decision that DTW1991 Underwriting Limited is the property entity from which it may seek relief[.]" D.E. 31.

**B. Alternatively, an evidentiary hearing should be held.**

Insofar as DTW wishes to contest the matter or there is conflicting evidence (which there is), Prime Times requests jurisdictional discovery followed by a preliminary evidentiary hearing. Prime Time has already requested precisely this information from DTW, which has not been provided. See D.E. 29-1. Defendant now belatedly filed an affidavit to support its position, which does not constitute an evidentiary hearing or provide Plaintiff an opportunity to cross examine the affiant. See Pierre's Resort, LLC v. Interstate Management Co., LLC, 2009 WL 395788 (M.D.Fla. 2009)(show cause order issued requiring defendant to include list of members and their citizenship); Osting-Schwinn at 1090 (rejecting notion that disclosure of "names" would be an unwieldy burden for Lloyd's; it is only those subscribing Names that would have to be disclosed); 3D Enterprises Group of Florida, Inc. v. Underwriters at Lloyd's, London, 8:09-cv-00576-VMC-TBM (M.D.Fla.)(DE-150 & 155)(ordering jurisdictional discovery as to Lloyd's Names, Syndicate, and Underwriters, followed by evidentiary hearing).

**C. Conclusion**

For these reasons, Defendant notice should be disregarded/stricken.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that the foregoing document was electronically served on:

Cole, Scott & Kissane, P.A.
4301 W. Boy Scout Blvd., Ste. 400
Tampa, FL 33607
mark.tinker@csklegal.com
marylou.cuellar-stilo@csklegal.com
mason.bradford@csklegal.com
Counsel for Defendant

via the CM/ECF system on January 7, 2021.

*/s/ Michael Laurato*
MICHAEL V. LAURATO, ESQ.
Florida Bar No. 181447
Austin & Laurato, P.A.
1902 W. Cass Street
Tampa, Florida 33606
(813) 258-0624 Tel.
(813) 258-4625 Fac.
E-service: mlaurato@austinlaurato.com
E-service: efile@austinlaurato.com
Trial Counsel for Plaintiff
